IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANGIE MERCADO CÓRDOVA<br><br>PLAINTIFF<br><br>V.<br><br>WALMART PUERTO RICO; SAMS CLUB; ABC INSURANCE COMPANY, JANE DOE, JOE DOE;<br><br>DEFENDANTS | CIVIL NO:<br><br>AMERICAN WITH DISABILITIES ACT; DISCRIMINATION; RETALIATION; UNJUST DISCHARGE<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW** Plaintiff, ANGIE MERCADO CORDOVA, through her undersigned attorney and respectfully **STATES** and **PRAYS**:

### I. JURISDICTION

1. The facts set forth in this complaint constitute violations of Plaintiff's employment rights protected by the Americans with Disabilities Act (ADA) and Americans with Disabilities Act Amendments Act (ADAA).

2. This Honorable Court has original jurisdiction over this civil action pursuant 28 USC § 1331; Titles III and V of the ADA, 42 USC §12182, et seq.; and 42 USC §12203.

3. Furthermore, pursuant to 42 U.S.C. § 1367(a), this Honorable Court has supplemental jurisdiction over the pendent claims raised herein by the

2

Plaintiffs, under the following Puerto Rico statutes and provisions: Law No. 115 of December 20, 1991, 29 LPRA §§194 et seq., Law No. 100 of June 30, 1959, 29 L.P.R.A. § 146, and Law 80 of May 30, 1976, 29 LPRA §§185 et seq., since they are related to the aforestated Federal claims and they all form part of the same case or controversy under Article III of the Constitution of the United States of America.

4. Venue is proper in this district pursuant to 28 USC §1391(b)(1) and (2), because the discriminatory employment practices alleged in the complaint occurred in Puerto Rico.

5. The Plaintiff, Angie Mercado, timely filed a charge of employment discrimination with the Anti-Discrimination Unit of the Equal Employment Opportunity Commission on October 23, 2015, hereinafter "EEOC". The Right to Sue letter from the EEOC was mailed on May 17, 2016.  Therefore, this lawsuit is being filed within ninety (90) days of the date of issuance of the Right to Sue Letter.

## II.    PARTIES

6. Plaintiff, Angie Mercado Córdova (Mercado), is of legal age, single and a resident of Juncos, Puerto Rico.

7. At all times relevant to the allegations stated herein, Mercado was an employee of Walmart Puerto Rico and Sam's Club, within the meaning of the

applicable statutes, and worked for the Defendants as an assistant manager, a position which she held since August 31, 2010.

8.  Defendants, Walmart Puerto Rico and Sam's Club, hereinafter referred to collectively as Sam's Club, are an "employer" within the meaning of the applicable statutes, which employed thousands of employees in their stores throughout Puerto Rico.

9.  Defendants Walmart Puerto Rico and Sam's Club, are legal entities that at all times relevant to the allegations stated herein, were Mercado's employers, with the legal capacity to sue and be sued. Walmart Puerto Rico and Sam's Club has its principal offices in Caguas, Puerto Rico.

10.  The unknown defendants are included as such, since at this time, Plaintiff does not know their identity.  As soon as the identity of said defendants is known, the complaint will be amended to include them as named defendants in the captioned case.

### III. FACTS COMMON TO ALL CAUSES OF ACTION

11.  Mercado, began working for Sam's Club on August 31, 2010, approximately six (6) years ago as an assistant manager in the store located in Caguas.  Her base salary when she began working at Sam's Club in 2010 was approximately $36,000 annually plus incentives depending on sales.  In 2014, her base salary was approximately $44,000.00.

12. On or around November, 2014, Mercado's previous medical condition of three (3) herniated disks, as a consequence of a fall five years before, worsened, requiring her to seek medical attention. She visited a physiatrist, who referred her to surgeon, Dr. Luis Pío Sánchez Caso.

13. Dr. Sánchez Caso operated Mercado on February, 2015 in order to install two (2) disk implants, six (6) screws, two (2) plaques and ordered her to have complete bedrest for approximately one (1) month.

14. Afterwards, she commenced a rehabilitation process, which included physical and aquatic therapies. The rehabilitation process ended sometime during May, 2015, and Mercado returned to work at Sam's Club with a request for reasonable accommodation formally made by Dr. Sánchez Caso dated May 8, 2015. The request for reasonable accommodation requested the following: i) Mercado could not lift or push objects weighting more than 10 pounds and ii) she could not remain standing or seated for periods longer than two (2) hours without rest periods of 10-15 minutes.

15. Mercado worked for approximately two (2) weeks but she was physically unable to continue working because she continued to experience pain and discomfort. Consequently, Dr. Sánchez Caso ordered her complete bedrest for an additional month.

16. On July 9, 2015, Dr. Sánchez Caso gave Mercado permission to return to work on July 13, 2015, with reasonable accommodation. The reasonable

accommodation recommended by Dr. Sánchez Caso as documented in a letter dated July 9, 2015, required the following: i) Mercado was not able to lift or push objects that weighed more than ten (10) pounds, ii) she could not remain standing or seated for periods longer than two (2) hours without rest periods of 10-15 minutes; and iii) she could not work more than 8 hours per day.  It should be noted that during the previous six (6) years that Mercado worked for Sam's Club, she never had the need to lift objects that weighed more than ten (10) pounds.

17.   Mercado began working again on July 13, 2015.  On said date the discriminatory conduct, harassment and hostile environment became blatant. As part of the discriminatory conduct, the medical recommendations and the request for reasonable accommodation were completely ignored by Sam's Club.  Sam's Club forced Mercado to work six (6) continuous days; assigned her ten (10) hour shifts; and oftentimes they left her working alone during shifts which were normally assigned to three (3) or four (4) managers.  Sam's Club also transferred her to the receiving area.   These discriminatory actions, because of her disability, were deliberately undertaken in retaliation for Mercado's requests for reasonable accommodation and for requesting and receiving benefits under SINOT.

18.   On August 10, 2015, Sam's Club terminated her from her employment because they allegedly were not able to provide the reasonable

accommodation she was requesting. The excuse proffered for the denial of the reasonable accommodation as recommended by Dr. Caso, was that the restrictions did not allow her to perform an "essential" job function of lifting 25 pounds. However, during her previous years working as an assistant manager, Mercado had never been required to lift or push 25 pounds as part of her work duties.

19. Additionally, the official job description of the assistant manager position describes, as part of the physical activities, that the employee must be able to push, lift and place items weighting no more than 10 pounds. Therefore, her request for reasonable accommodation was within the scope of her job description.

20. At the time of her termination, and since February 6, 2015 until September 23, 2015, Mercado was receiving benefits under SINOT.

### IV.    CAUSES OF ACTION

#### First Cause of Action-ADA and ADAA

21. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the preceding paragraphs as if set forth herein in their entirety.

22. This First Cause of Action arises under ADA and ADAA.

23. Defendants, their agents and/or employees, by their conduct as described herein, intentionally, willfully and without justification, deprived Plaintiff of her rights, privileges and immunities secured by the ADA and ADAA, and the

7

laws of the United States, particularly her right to be free from discrimination based on her disability in the work place. Defendants unlawfully discriminated against Plaintiff Mercado with respect to the terms, conditions and privileges of employment because of her disability, in violation of ADA and ADAA.

24. Furthermore, Defendants engaged in the unlawful employment practices in question with malice or reckless indifference to the Plaintiff's Federally and State protected rights.

25. Hence, pursuant to ADA and ADAA, Plaintiff is entitled to receive an award for punitive damages, which will serve as punishment and deterrence for such unlawful employment practices.

26. Additionally, pursuant to 42 U.S.C. § 2000E-5(k), Rule 54(d)(1) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920, Plaintiff is entitled to the costs to be incurred in this suit, plus reasonable attorney's fees.

27. As a direct result of the aforementioned unlawful age discrimination, harassment, hostile environment and retaliation Mercado has suffered severe mental, psychological, moral and emotional pain, anguish and distress, has sustained a loss of happiness, and a loss of the capacity to enjoy life. Plaintiff is entitled to receive, as a just and fair compensation for the aforestated damages, the maximum compensatory amount allowed by ADA.

28. Therefore, Plaintiff demands that Judgment be entered in her favor and against the defendants, granting her the amount of $1,000,000.00 in

compensatory and punitive damages, plus a reasonable amount for attorney's fees, the costs of this action, and pre-judgment and post judgment interest, and any other further relief as is just under the circumstances.

### Second Cause of Action-Puerto Rico Antidiscrimination Statutes

29. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 29, as if set forth herein in their entirety.

30. The actions and omissions of all defendants constitute age discrimination, harassment and retaliation in violation of law 100 and law 115, which require the employer to provide a work environment free of discrimination due to a disability and harassment, and which prohibit retaliation against employees, for which the Plaintiff is entitled to equitable relief, as well as compensatory damages and back pay, a doubling of the aforementioned amounts, costs and attorney's fees, and equitable relief.

31. As a direct result of the aforementioned unlawful discrimination based on Mercado's physical condition or disability, Plaintiff suffered severe mental, psychological, moral and emotional pain, anguish and distress, has sustained a loss of happiness, and a loss of the capacity to enjoy life.

32. Therefore, Plaintiff demands that Judgment be entered in her favor and against the Defendants, granting her twice the amount of $1,000,000.00 for compensatory and punitive damages and a reasonable amount in attorney's fees.

9

**Third Cause of Action-Law 80- Unjust Discharge**

33. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 33, as if set forth herein in their entirety.

34. Mercado was dismissed from her employment at Sam's Club in retaliation for her request for reasonable accommodation and for receiving benefits under SINOT.

35. Therefore, Plaintiff demands that Judgment be entered in her favor and against the Defendants granting her all the remedies under Puerto Rico Law 80.

36. Plaintiff demands trial by jury.

## V.  RELIEF SOUGHT

**WHEREFORE,** all premises considered, Plaintiff demands that Judgment be entered by this Honorable Court in favor of Plaintiff and against the Defendants, jointly, for all relief prayed herein, granting all the sums requested; imposing the payment of all costs and expenses unto Defendants, granting Plaintiffs any other relief they may be entitled as a matter of law, and awarding the Plaintiffs pre-judgment and post judgment interest, plus a reasonable amount for attorney's fees.

10

**RESPECTFULLY SUBMITTED**, on this the 27th day of June, 2016.

*S/Michelle Pirallo-Di Cristina*
**MICHELLE PIRALLO-DI CRISTINA**
USDC-PR-214903
P.O. BOX 192321
SAN JUAN, PUERTO RICO 00919-2321
TEL: 787-777-3377  Fax: 787-724-8756
EMAIL:  mpirallo@gmail.com