THE UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

ANGIE MERCADO CORDOVA,
    Plaintiff,

v.

WALMART PUERTO RICO, INC., et al.,
    Defendants.

Civil No. 16-2195 (ADC)

**OPINION AND ORDER**

Before the Court is defendant Walmart of Puerto Rico, Inc.'s ("Walmart" or "defendant") motion to dismiss for fraud on the Court, **ECF No. 56**, supplemented by a motion regarding plaintiff Angie Mercado Córdova's ("Mercado" or "plaintiff") alleged spoliation of evidence, **ECF No. 64**. After careful consideration of said motions, the parties' other related filings, **ECF Nos. 60, 63, 67, 69**, applicable law, and the record as a whole, the Court **GRANTS IN PART AND DENIES IN PART** Walmart's motion to dismiss.

**I.    Factual and Procedural Background**

The motions at hand pertain to a discovery dispute dating back to October 2016, when Walmart issued a set of interrogatories and request for production of documents asking Mercado to disclose and produce information and documents regarding the latter's social media accounts, among other requests. *See* **ECF Nos. 25, 56**. Mercado responded, in essence, that she once had a social media account, but that it was closed and that she did not recall the name under which she had the account. *Id*. Walmart filed a "Motion to Compel Production of Facebook Information

and/or for Finding of Spoliation," contending that "the discovery was relevant in order to address plaintiff's allegations of disability and her substantial allegations of severe mental, psychological, moral and emotional pain anguish and distress, loss of happiness and loss of capacity to enjoy life." **ECF Nos. 25, 56** at 2. Mercado opposed, submitting a statement under penalty of perjury dated July 20, 2017. **ECF No. 32**. She stated that prior to the discovery request at issue, she had lost her cell phone, after which "she tried to access [her] Facebook account using [her] home computer" but got blocked out for unsuccessful attempts to log into the account. **ECF No. 32-1** at 2. She further stated that when she got a new phone, she tried again to access her Facebook account but was unable to do so and she did not "ha[ve] access to [the] Facebook account ever again." *Id*.

The Court referred the matter to United States Magistrate Judge Marcos E. López ("Magistrate Judge"), who in turn held a mediation conference. **ECF No. 42**. The Magistrate Judge ordered the parties to meet in order to "exhaust all reasonable good faith efforts to gain access to plaintiff's Facebook account." *Id*. The meeting took place in December 2017 at defendant's counsel's office, but Mercado was unsuccessful in accessing her Facebook account. *See* **ECF No. 60**. According to Walmart,

> More recently, on September 19, 2018, [Walmart was] able to identify plaintiff's public Facebook profile under the name 'Córdova Eigna'—essentially, plaintiff's second last-name and her first name spelled backwards. As evidenced by the screen shot attached hereto, said account was opened in March 2009, plaintiff updated her cover photo on August 23, 2018, and included a comment about 'living happily ever after' and posted a comment regarding the same as recently as

> September 6, 2018. [Walmart] could not access anything beyond plaintiff's cover photo and the related comments because of the account's privacy settings. That same afternoon, however, the account became unavailable.

**ECF No. 56** at 4 (internal references omitted). Walmart asserts that Mercado was duplicitous about the Facebook discovery in question, which in turn warrants the dismissal of her claim for fraud on the Court. *Id*. at 6.

Mercado opposed Walmart's motion to dismiss, stating under penalty of perjury that she had regained access to her Facebook account in February 2018 after she had found her Facebook account password at her home. **ECF No. 60**. Plaintiff further averred that "[t]he reason [she] did not inform the aforementioned earlier to [her] attorney was because [she] had been advised that discovery in this case had concluded. [S]he was unaware that [she] needed to do so, the case was pending summary judgment resolution and therefore, [she] thought that nothing could be done until the Court made the ruling." **ECF No. 60-1** at 3. Mercado asserted also that the sanction Walmart requests is unwarranted because in October 14, 2018, she "printed [her] profile and all the information regarding [her] Facebook [a]ccount as requested by defendants originally in their interrogatories." *Id*. Walmart replied to Mercado's opposition, contending that "Mercado came forward to produce her Facebook information[ ] only after Walmart discovered the existence of her Facebook account under the alias of 'Córdova Eigna'" and after its filing of the motion to dismiss at hand. **ECF No. 63** at 3. Walmart further maintained that severe sanctions

are warranted against Mercado because "[i]t is evident plaintiff failed to comply with her discovery obligations and an express Court order to produce her Facebook account." *Id*. at 4.

On December 2018, Walmart filed an "Informative Motion and Supplementing Request for Dismissal for Fraud on the Court." **ECF No. 64**. According to Walmart, upon review of Mercado's printed Facebook profile information and related pen drive with photographs, "it became evident that the digital photographs, as produced, lacked a reference date or relation to the publications and account activity provided in the paper version." *Id*. at 3. Walmart also alleged that "it was unable to access the thumbnails included in the different posts" and that "[t]his information could have been easily accessed and downloaded digitally from Mercado's Facebook account." *Id*. Walmart further averred that it requested Mercado to supplement the discovery response, "providing instructions for Mercado to be able to download her Facebook information, in native format, into a USB drive." **ECF No. 64** at 3. Mercado responded that she had deleted her Facebook account after her previous production to Walmart. **ECF No. 64-2** at 3. *Id*. at 1. Walmart contends that

> Mercado's willful and permanent deletion of her Facebook account, after the Court ordered her to produce all her Facebook information, with a motion to dismiss for fraud on the Court pending to be resolved, and after the undersigned notified Plaintiff's counsel that the information produced was incomplete, weighs in favor of a finding of fraud or, minimally, of spoliation. Even if Mercado permanently deleted her Facebook account before the undersigned sent the November 28, 2018 email, she knew, or should have known, considering that the issue had not been resolved by the Court, that she had a duty to preserve said evidence.

*Id*. at 4. Mercado opposed Walmart's supplemental motion. **ECF No. 67**. She rejected defendant's claim of spoliation and asserted that she had already complied with Walmart's discovery request at issue, having "produced 668 pages containing all the information regarding her Facebook account and a pendrive with all the photos published in said account." *Id*. at 4. She further averred that "it is notable that Walmart has not produced a single comment, post, message or status update from Mercado's Facebook account which is in any way related to the claim asserted in the Complaint." *Id*. Walmart replied to Mercado's opposition, reiterating the spoliation argument regarding Mercado's deletion of her Facebook account pursuant to case law. **ECF No. 69**.

## II.  Legal Standards

### A.  Duty to Supplement Disclosures and Discovery Responses

Under Fed. R. Civ. P. 26(e),

> A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:(A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or (B) as ordered by the court.

"Furthermore, the duty to supplement is a continuing duty and a party may not free itself of the burden to fully comply by placing a heretofore unrecognized duty of repeated requests for information on its adversary." *AVC Corp. v. Cabot Corp*, 252 F.R.D. 70, 77 (D. Mass. 2008) (internal

quotation marks and emphasis omitted) (citing *Arthur v. Atkinson Freight lines, Corp.*, 164 F.R.D. 19, 20 (S.D.N.Y. 1995)); 6 Moore's Federal Practice § 26.131[3] (2008)).

### B. Fraud on the Court

As held by the First Circuit,

> A fraud on the court occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense. Because corrupt intent knows no stylistic boundaries, fraud on the court can take many forms.

*Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir. 1989) (citations and internal quotation marks omitted) (collecting cases). Federal courts possess inherent powers "to do whatever is reasonable necessary to deter abuse of the judicial process." *Id*. at 1119. In that respect, "a federal district judge can order dismissal or default where a litigant has stooped to the level of fraud on the court." *Id*. (citing *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944)).

### C. Spoliation

"'Spoliation refers to the destruction or material alteration of evidence or to the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation.'" *Vélez v. Marriott PR Mgmt., Inc.*, 590 F. Supp. 2d 235, 258 (D.P.R. 2008) (quoting *Silvestri v. Gen. Motors Corp.,* 271 F.3d 583, 590 (4th Cir. 2001)). The party that puts forth the spoliation argument "must proffer evidence sufficient to permit the trier to find that the target knew of (a) the claim (that is, the litigation or the potential for litigation), and (b) the [evidence's] potential relevance

to that claim." *Testa v. Wal-Mart Stores, Inc.*, 144 F.3d 173, 177 (1st Cir. 1998). The proponent of a spoliation claim "need not offer direct evidence of a coverup to set the stage for the adverse inference. Circumstantial evidence will suffice." *Blinzler v. Marriott Int'l, Inc.*, 81 F.3d 1148, 1159 (1st Cir. 1996). The critical aspect of the notice inquiry depends "on institutional notice—the aggregate knowledge possessed by a party and its agents, servants, and employees." *Testa*, 144 F.3d at 178.

Upon a finding of spoliation, "a district court has broad discretion in choosing an appropriate sanction." *Sharp v. Hylas Yachts, LLC*, 872 F.3d 31, 42 (1st Cir. 2017) (citations and internal quotation marks omitted). "[T]he applicable sanction should be molded to serve the prophylactic, punitive, and remedial rationales underlying the spoliation doctrine." *Id*. One available sanction is for a court to instruct the jury that it may, but need not, "infer from a party's obliteration of [evidence] relevant to a litigated issue that the contents of the [evidence] were unfavorable to that party." *Testa*, 144 F.3d at 177; *see Gómez v. Stop & Shop Supermarket Co.*, 670 F.3d 395, 399 (1st Cir. 2012). "[A]n adverse inference instruction may be allowed when a party fails to produce [evidence] that exists or should exist and is within its control." *Astro-Med, Inc. v. Nihon Kohden Am., Inc.*, 591 F.3d 1, 20 (1st Cir. 2009).

**III. Discussion**

The Court holds that Mercado failed to comply with her obligation under Fed. R. Civ. 26(e) to supplement discovery responses to Walmart's requests regarding her Facebook

account. Specifically, taking as true Mercado's contention that she was blocked out of said account for a period of time after having lost her cell phone, she was obligated to voluntarily inform Walmart when she later regained access and resumed her activities on Facebook. In that respect, the Court rejects Mercado's explanation that she was unaware of having to do so because discovery had concluded, and Walmart's summary judgment motion was pending adjudication. Those are not valid reasons for Mercado's non-compliance with her disclosure obligations under Fed. R. Civ. P. 26(e), especially regarding an ongoing, contentious discovery issue and given that Mercado has been represented by counsel at all times in this case.

Moreover, the Court finds that Mercado's deletion of her Facebook account amounts to spoliation. *See Testa*, 144 F.3d at 177, 178. She undoubtedly knew of the claim and of the evidence's potential relevance, especially after the order issued by the Magistrate Judge at a mediation conference. Even if Mercado deemed to have complied with Walmart's Facebook-related discovery requests by the time she deleted the account, such deletion was improper when according to Walmart, Mercado's disclosure of Facebook evidence was incomplete. In that respect, Mercado's deletion of her Facebook account may have caused prejudice to Walmart insofar as it precluded the latter from obtaining relevant metadata that would have been contained in the deleted Facebook page.

In light of the above, the Court holds that Mercado's non-compliance with her duty to supplement Facebook-related discovery responses when she regained access to said account and

her subsequent deletion of the Facebook account warrant a sanction. *See Sharp*, 872 F.3d at 42. Nonetheless, the Court does not find that Mercado has "stooped to the level of fraud on the court," for which dismissal of the instant case for that reason is not warranted. *See Aoude*, 892 F.2d at 1119. Rather, and adverse-inference jury instruction is an appropriate sanction here. *See Astro-Med, Inc.*, 591 F.3d at 20.

## IV. Conclusion

Walmart's motion to dismiss for fraud on the Court and supplemental motion, **ECF Nos. 56, 64**, are **GRANTED IN PART AND DENIED IN PART**. Specifically, Walmart's request for dismissal is denied. However, the Court hereby imposes as sanction an adverse inference regarding the content of Mercado's Facebook page and her deletion of the related account. Accordingly, Walmart shall submit a proposed adverse-inference jury instruction to that effect before trial.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 15th day of July, 2019.

                                                            **S/AIDA M. DELGADO-COLÓN**
                                                            **United States District Judge**